UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

BROOKLYN DIVISION

---

IN RE:  JAMAL JBARA                                    CHAPTER 7

                                                                BANKR. NO. 1-09-48496-dem

            DEBTOR.

---

JOSE BORGES

            PLAINTIFF,                               ADVERSARY NO. 1-10-01004-dem

v.

**OPPOSITION TO PLAINTIFF'S**

**REQUEST FOR A LIFT OF STAY OF**

**STATE COURT PROCEEDING**

JAMAL JBARA,

            DEFENDANT.

---

    I, Jamal Jbara, the Defendant, hereby move the Court to strike and or deny Plaintiff's request to lift the state court proceeding scheduled for June 9, 2010. Firstly, Plaintiff's request should be dismissed on procedural grounds since his request was suppose to have been in the form of a motion, as instructed by the Court. Instead, plaintiff's attorney filed his request by letter rather than motion. Federal Rules of Civil Procedure 9013-1 (a) require that a motion be

in writing and shall specify the rules and statutory provisions upon which it is based and the legal authorities that support the requested relief. The letter is void of any rules or statutory provisions upon which to base its lift of stay request, and therefore should be dismissed for failing to comply with Rule 9013-1(a).

Plaintiff's attorney states that the decision to make its request through a letter instead of a motion is based on the fact that a trial date for jury selection is scheduled for June 9, 2010. Presumably, plaintiff's attorney did not have time to file a proper motion. Plaintiff's excuse is unacceptable and ought not to be considered since plaintiff had ample time to file a motion to lift the stay. I filed for bankruptcy relief on September 29, 2009, eight months ago. Plaintiff commenced an adversary action against me in Bankruptcy Court on January 5, 2010, five months ago. Clearly, Plaintiff had plenty of time to file a motion seeking to lift the stay of litigation against me. Plaintiff asserts that the state court proceeding was trial ready two years ago and that I filed for bankruptcy protection on the eve of jury selection. If so, then he should have filed for a motion seeking to lift the stay but failed to do so. Now, days before trial date, plaintiff seeks an emergency request to have the stay lifted so that litigation can resume against me. This dilatory and rushed move is highly prejudicial to me because I had no notice of the upcoming hearing and am not prepared for it. The New York Civil Court seized to notify me of any hearings after I served it with notice of my bankruptcy filing eight months ago.

Since 2002, I've been defending myself against the Plaintiffs false accusations since his initial complaint filed against me with the Disciplinary Bar Committee. Plaintiff's complaint was a tactical move in order to lift his deportation order because the Immigration Court requires the filing of such a complaint in order for it to consider Plaintiff's ineffective

assistance of counsel claim. After an investigation, the Disciplinary Bar Committee determined that my representation was ethical and proper and dismissed Plaintiff's complaint.

Then, in November 2003, seeking monetary damages, the Plaintiff filed a complaint against me and other defendants in State Court alleging various causes of actions. I have spent the last eight years defending myself against unsubstantiated and abusive claims. The legal fees I have incurred have bankrupted me. It has depleted all my personal and business funds, and has left me unable to afford representation for trial, including the cost of an expert witness. I was left with no choice but to file for Bankruptcy relief.

Plaintiff's claims for negligence, breach of contract, and legal malpractice are dischargeable in bankruptcy court. Any claims based upon alleged fraud was negated and waived by the Plaintiff in a motion to reopen filed by Plaintiff's current counsel with the immigration court in 2003. The plaintiff unequivocally stated in that motion that "It is not alleged that Mr. Jbara himself engaged in *any* type of fraud." In addition, any claims based on fraud and alleged violation of New York Judiciary Law § 487 are precluded for failing to state with particularity all the essential facts forming the basis for the inference of fraud or deceit.

For the reasons stated above, I respectfully request the Court to deny Plaintiff's request to lift the stay of the State Court action against me.

June 7, 2010                                                By: _____
                                                                 Jamal Jbara

                                                                 Pro-Se Defendant

3